Mr. Chief Justice Shaukey
delivered the opinion of the court.
The appellants made a motion in the circuit court of Franklin county, to quash an execution for two reasons.. First, that there was no judgment of the court to authorise the execution; and, secondly, that the execution was indorsed, that no security should be taken.
There is one feature in this case, which limits our investigation to much narrower bounds than counsel have contemplated. On the 33d of March, 1831, a forthcoming bond was given by the appellants, returnable to April term, which was forfeited. This bond was given on the first execution that issued.
The supreme court of this state has decided in several cases, that the giving and forfeiting a forthcoming bond is a satisfaction • of the first judgment. Walker’s Reports, 175, 351, 367. This motion is made to quash the execution that issued on the judgment, on the bond. We cannot, in this matter, inquire into any thing that preceded the bond, because that was a satisfaction of the judgment. We cannot even inquire into the judgment on the bond, because that is not brought into question, farther than it is said there is no judgment to support the execution.
On examination it will be found that the execution follows the bond in the amount, as the statute requires it to issue, and is also correct as to parties and dates. There is no formal judgment on the bond, but the statute gives it the force and effect of a judgment when forfeited. If the bond was irregular or insufficient, it might have been quashed, but the party has acquiesced in the effect, and. cannot avail himself of any such irregularity on a motion to quash the execution that emanated from it.
The judgment must be .affirmed.